STEINER et al. v. HOFFMAN et al.

No. 4259. Decided October 8, 1925. (240 P. 273.)

APPEAL AND ERROR—JUDGMENT BASED ON CONFLICTING EVIDENCE, ALLOWING DEFENDANTS ONLY CERTAIN AMOUNT ON COUNTERCLAIM FOR ALLEGED DEFECTIVE WORKMANSHIP, HELD FINAL. In action to foreclose mechanic's lien for work done on defendant's building in which a counterclaim for $2,000 was interposed for alleged poor workmanship, judgment based on conflicting evidence, and allowing defendants only $235 on their counterclaim, to be deducted from the amount claimed by plaintiffs, *held* conclusive.

Appeal from District Court, Third District, Salt Lake County; *G. A. Iverson,* Judge.

Action by John Steiner and another against Joseph Hoffman and another, who interposed a counterclaim. From the judgment rendered, defendants appeal.

AFFIRMED.

*Ray Van Cott* and *W. T. Gunter,* both of Salt Lake City, for appellants.

*C. E. Norton* and *N. J. Cotro-Manes,* both of Salt Lake City, for respondents.

STRAUP, J.

Respondents, plaintiffs below, brought this action to foreclose a mechanic's lien, claiming that a balance of about $731 was due them for material and labor furnished by them under contract in remodeling a store building in Murray. The defendants counterclaimed, alleging that the work was not done workmanlike, especially that the doors and windows were not properly hung and fitted, some floors put in unevenly, a stairway not properly built, plastering done defectively, and that window frames, paint, and varnish were of inferior grade, by reason of which the defendants claimed damages in the sum of $2,000. The case was tried to the court, who on findings found that $731 was due and unpaid the plaintiffs; that $235 was due defendants on their counterclaim; and gave plaintiffs judgment for the difference. The defendants appeal.

No questions of law are presented by the appeal. The findings of fact in divers particulars are challenged on the ground that they are either against or not supported by the evidence, and on the record the defendants claim that on their counterclaim they were entitled to recover at least the sum of about $1,200 instead of only $235. There is no abstract of the record. The appellants in their brief set forth what they claim to be the evidence as to the controlling and material issues. The respondents complain in such particular, asserting that the appellants in their brief

set forth only the testimony of their witnesses to the exclusion of the testimony of the respondents' witnesses. In the main, the complaint is well founded. We 'are thus required to go to the transcript containing much irrelevant and useless matter and sift the pertinent evidence. We find this: The plaintiffs in substance testified that the material furnished was of good quality, and that the work was well done. The lumber and mill men from whom the material was purchased testified that the material was of good quality; the carpenters and other workmen who did the work, that the work was done properly and skillfully; and a building contractor with many years' experience, and who examined the material and work, testified that the material was good and the work well done.

Two experienced architects who examined the material and work on behalf of the defendants testified that in the particulars as alleged in the counterclaim the material was of inferior grade and the work defectively and unskillfully done, and that it would require an expense of about $692 to remedy the defects, to which should be added a commission of 15 per cent. Another witness called by the defendants testified that some of the work was not properly done. One of the chief contentions relates to one of the floors of the old building. It was of common flooring. It was not to be removed, but overlaid with hardwood by the plaintiffs. In the process of remodeling the building and cleaning the old floor of debris it was found that the floor was uneven, due to various causes not attributable to the plaintiffs as claimed by them. They, as they testified, called the defendant's attention to the unevenness, and what it would require to remedy it, which to do was no part, as they claimed, of the contract; but because of the expense to remedy such defect the defendants directed the plaintiffs to relay the floor as it was, and to do the best they could with it. The defendants contended that, when the work of plaintiffs commenced, the floor was even, and that it was rendered uneven by the plaintiffs in the prosecution of the work, or, at any rate, that it was the duty of the plaintiffs under their contract to render the floor suitable for relaying. That

the plaintiffs denied. Because of such unevenness some of the witnesses attributed, to some extent at least, the defective hangings and fittings of doors and windows.

On about every material issue we find a direct conflict in the evidence. The case being one in equity, we have gone over the record and examined the evidence. We are satisfied that the findings and conclusions are supported by the greater weight of the evidence, and feel assured that the court gave the defendants all they were entitled to, and that on the record the defendants could not justly complain had the court not allowed them anything on their counterclaim. Further, the record discloses that the court with the respective parties and their counsel visited the premises, and spent the greater part of a day inspecting and examining the material and the work and it may well be assumed that the trial court knew as much about them and concerning a remodeling of an old building as we do, and, he having seen the material and work, and heard and observed the witnesses, and we not, the parties, as to such matters, and with respect to which the evidence is so in direct conflict, ought to be content to take his judgment as to findings thereon instead of seeking ours.

We think the judgment should be affirmed. Such is the order.

GIDEON, C. J., and THURMAN, FRICK, and CHERRY, JJ., concur.